**Michael Alan CROOKER, Appellant**

v.

**WARDEN, FCI LORETTO.**

**No. 10–1720.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 June 10, 2010.

Filed: July 9, 2010.

Michael Alan Crooker, Loretto, PA, pro se.

Robert L. Eberhardt, Esq., Laura S. Irwin, Esq., Office of the United States Attorney, Pittsburgh, PA, for Appellee.

Before: BARRY, FISHER and GREENAWAY, Circuit Judges.

## OPINION

PER CURIAM.

Appellant, a federal prisoner proceeding *pro se*, appeals the District Court order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Because the appeal does not present a substantial question, we will summarily affirm. *See* 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

In February 2010, Crooker filed a petition under § 2241 alleging that, as a prisoner at FCI Loretto, he had been improperly sanctioned for violating BOP disciplinary rules, but was exonerated after an administrative appeal. Crooker claimed that he intended to file a suit for damages under 28 U.S.C. § 1495—the unjust conviction statute—and sought from the District Court a "certificate of innocence," as provided for by 28 U.S.C. § 2513. The District Court denied the request over Crooker's objections, reasoning that Crooker's suit would be frivolous because a reversed disciplinary sanction does not amount to a reversed conviction that would provide the basis for a suit under § 1495, and that the District Court lacked authority to issue a "certificate of innocence."

A person who intends to file a suit under § 1495 must demonstrate that his convic-

tion was reversed, and "[p]roof of the requisite facts shall be by a certificate *of the court* or pardon wherein such facts are alleged to appear ...." § 2513(b) (emphasis added). In denying the petition, the District Court reasoned that because Crooker's disciplinary sanction was set aside by an administrative appeals board, the plain language of § 2513 permitted only that board to issue a certificate of innocence. We agree.

In his objections, Crooker argued that the District Court had the authority to issue a certificate of innocence, and cited *Roberson v. United States,* 124 F.Supp. 857, 861 (Ct.Cl.1954). In *Roberson,* the Court of Claims reasoned—but did not expressly hold—that a District Court had the authority to issue Roberson a certificate of innocence because that court set aside his conviction on a writ of habeas corpus. *See id.* at 861–63. It did not suggest, however, that a District Court may issue a certificate of innocence merely because it entertains a habeas petition. Thus, *Roberson* has no bearing on Crooker's case, as the District Court did not set aside his disciplinary sanction.

Because we agree that the District Court could not issue Crooker a certificate of innocence, we need not consider its other reasons for denying his petition. Accordingly, we will summarily affirm.

---

1. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. In determining whether a district court properly denied a petition for habeas corpus brought pursuant to 28 U.S.C. § 2241, we exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings. *See Cradle v. United States ex rel. Miner,* 290 F.3d 536, 538 (3d Cir.2002).